# Exhibit A

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                    Location : Guadalupe   Help

# REGISTER OF ACTIONS
### CASE NO. 14-0966-CV

| | | |
|---|---|---|
| **Kingman Holdings, LLC, as Trustee vs. Wells Fargo Bank, N.A.** | § § § § § | Case Type: **Civil Case - Other**<br>Date Filed: **05/06/2014**<br>Location: **25th District Court** |

---

#### PARTY INFORMATION

|  |  | **Attorneys** |
|---|---|---|
| **Defendant** | **Wells Fargo Bank, N.A.** | |
| | | |
| **Plaintiff** | **Kingman Holdings, LLC, as Trustee** | **JUSTIN P. NICHOLS**<br>*Retained*<br>210-354-2300(W) |

---

#### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
| | |
|---|---|
| 05/06/2014 | **Docket Sheet** |
| 05/06/2014 | **Civil Case Information Sheet** |
| 05/06/2014 | **Original Petition (OCA)** |
| 05/06/2014 | **Comment** |
| 05/30/2014 | **Amended Petition** |
| 05/30/2014 | **Citation** |

---

#### FINANCIAL INFORMATION

**Plaintiff** Kingman Holdings, LLC, as Trustee
Total Financial Assessment   279.00
Total Payments and Credits   279.00
**Balance Due as of 06/02/2014**   **0.00**

| | | | | |
|---|---|---|---|---|
| 05/06/2014 | Transaction Assessment | | | 267.00 |
| 05/06/2014 | TexFile Payment | Receipt # DC-164930 | Kingman Holdings, LLC, as Trustee | (267.00) |
| 05/30/2014 | Transaction Assessment | | | 12.00 |
| 05/30/2014 | TexFile Payment | Receipt # DC-166001 | Kingman Holdings, LLC, as Trustee | (12.00) |

25th District Court
# Case Summary
Case No. 14-0966-CV

| | |
|---|---|
| Kingman Holdings, LLC, as Trustee<br>vs.<br>Wells Fargo Bank, N.A. | Location: **25th District Court**<br>Judicial Officer: **William D Old III**<br>Filed on: **05/06/2014**<br>Other: |

**Case Information**
Case Type: Civil Case - Other

Case 5:14-cv-00497-DAE   Document 1-1   Filed 06/02/14   Page 4 of 17
Electronically Filed
5/6/2014 1:13:22 AM
Debra Crow
Guadalupe County District Clerk
Jessica Hargrave, Deputy

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* __14-0966-CV__   COURT *(FOR CLERK USE ONLY):* _____

STYLED __Kingman Holdings, LLC, as Trustee vs. Wells Fargo, NA__
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Justin Nichols / Justin Niedens   Email: justin@thenicholslawfirm.com | Plaintiff(s)/Petitioner(s): Kingman Holding, LLC | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address: 106 S.St.Mary's #255   Telephone: 210-354-2300 | | Additional Parties in Child Support Case: |
| City/State/Zip: San Antonio, TX 78205   Fax: 800-761-5782 | Defendant(s)/Respondent(s): Wells Fargo Bank, NA | Custodial Parent: _____<br>Non-Custodial Parent: _____ |
| Signature: /s/Justin Nichols   State Bar No: 24081371 | [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: _____<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: _____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: _____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product: _____<br>☐ Other Injury or Damage: _____ | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☒ Other Property: Rule 202<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: _____ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: _____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: _____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |

| **Tax** | ***Probate & Mental Health*** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
☐ Appeal from Municipal or Justice Court   ☐ Declaratory Judgment   ☐ Prejudgment Remedy
☐ Arbitration-related   ☐ Garnishment   ☐ Protective Order
☐ Attachment   ☐ Interpleader   ☐ Receiver
☐ Bill of Review   ☐ License   ☐ Sequestration
☐ Certiorari   ☐ Mandamus   ☒ Temporary Restraining Order/Injunction
☐ Class Action   ☐ Post-judgment   ☐ Turnover

### 4. Indicate damages sought *(do not select if it is a family law case)*:
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

Electronically Filed
5/6/2014 1:13:22 AM
Debra Crow
Guadalupe County District Clerk
Jessica Hargrave, Deputy

Cause No.: 14-0966-CV

| | | |
|---|---|---|
| KINGMAN HOLDINGS, L.L.C., As Trustee of the OLD THEATER ROAD 6631 LAND TRUST, | § § § § | IN THE DISTRICT COURT |
| Petitioner, | § § | |
| v. | § § | GUADALUPE COUNTY, TEXAS |
| WELLS FARGO BANK, N.A., | § § § | |
| Respondent. | § § | 25TH JUDICIAL DISTRICT |

## PETITIONER'S ORIGINAL PETITION & APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Petitioner, by and through its attorney, and makes and files this first amended original petition and application for injunctive relief, and will show:

### I. DISCOVERY

1. Petitioner seeks non-monetary relief; therefore, discovery is intended to be conducted under Level 2 of TEX. R. CIV. P. 190.3.

### II. PARTIES

**Petitioner**

2. Petitioner is **KINGMAN HOLDINGS, L.L.C.** ("Petitioner"), a limited liability company, bringing this suit in its capacity as the trustee of the CEDAR LANE 2721 LAND TRUST (the "Petitioner").

**Respondent**

3. Respondent is **WELLS FARGO BANK, N.A.** ("Respondent"), is a foreign corporate fiduciary. Therefore, service is proper upon the secretary of state, who

should in turn forward process to: <u>Corporate Officer, Wells Fargo Bank, N.A., 3476 Stateview Blvd., Fort Mill, South Carolina 29715</u>.

### III. IDENTIFICATION OF THE REAL PROPERTY IN DISPUTE

5. This suit involves the following real property, to wit:

**Address:** 2721 Cedar Lane, Schertz, Texas 78154

**Legal Description:** Lot 15, Block 3, Horseshoe Oak Subdivision, Unit 1, Schertz, Guadalupe County, Texas, according to the map or plat thereof recorded in Vol. 4, Page 251 of the deed and plat records of Guadalupe County, Texas.

6. Henceforth, the forenamed real property shall be referred to as the "Property."

### IV. VENUE & JURISDICTION

7. Venue is proper in Guadalupe County because the real property the subject to this suit is wholly located within Guadalupe County, Texas. Further, the suit anticipated will lie in Guadalupe County, Texas.

8. This Court has jurisdiction because the amount in controversy exceeds the minimal jurisdictional limits of the court, the subject matter of this suit is not reserved for any other court, and this court has the authority to grant the relief sought in this suit.

### V. BASIS OF SUIT

9. Eric and Miranda Stoltz purchased the Property on or about July 7, 2008. The Stoltzes executed a deed of trust in favor of Mortgage Electronic Registration Systems, Inc., recorded in Vol. 2647 Page 458 of the Guadalupe County deed records.

10. The Whites failed to pay home owners association dues and/or assessments owed to the applicable property owners association (the "Association"). The

Association foreclosed upon its lien and sold the Property at a foreclosure sale on or about December 4, 2013.

11. Petitioner purchased the Property at the foreclosure sale, and the Association sold and conveyed the Property to Petitioner on or about December 4, 2013, by virtue of a deed recorded in Vol. 4170 Page 800 of the Guadalupe County deed records.

12. After purchasing the Property Petitioner attempted to contacted Respondent to ascertain what interest, if any, it asserted in the Property or related lien. Petitioner made such inquiries in order to determine its own rights in the Property, and to preserve such interests and rights, including the right to any equitable redemption in the event Respondent claimed a superior lien to that of the Association's. Petitioner was unable to get response from Respondent.

13. Now, Respondent has expressed its intent to sale the Property at a foreclosure sale on May 6, 2014, as reflected in a Notice of Substitute Trustee Sale recorded April 14, 2014, with the Guadalupe County, Texas.

14. A live, ripe, and genuine controversy exists between the parties regarding the Property.

### VI. REQUEST FOR ORDER AUTHORIZING DEPOSITIONS BEFORE SUIT AND/OR TO INVESITGATE CLAIMS

15. Pursuant to TEX. R. CIV. P. 202, Petitioner requests the Court enter an order authorizing Petitioner to take oral depositions and/or depositions upon written questions.

16. Petitioner anticipates the institution of a suit against Respondent in which Petitioner may be a party.

17. Alternatively, Petitioner seeks to investigate potential claims against Respondent and/or relating to Respondent brought by Petitioner.

18. The subject matter of the anticipated suit involves seeking a declaratory judgment declaring the rights, status, or other legal relations between Petitioner and Respondent relating to the Property. Petitioner also anticipates bringing suit to quiet title on the Property. Petitioner's interests in the anticipate suit involves its ownership interest and title to the Property, and any encumbrances or liens thereupon, their amount, and/or priority.

19. As prescribed by TEX. R. CIV. P. 202.2(f), Petitioner provides the following information about the witnesses it wishes to depose, whose interests may also be adverse to those of Petitioner:

> a) **Custodian of Records and Corporate Representative of Wells Fargo Bank, N.A.**, 3476 Stateview Blvd., Fort Mill, South Carolina 29715, (800) 357-6675 ; in order to In order to investigate and ascertain Petitioner wishes to depose the witness on any liens which Respondent claims to have relating to the Property, the manner in which any said lien(s) was arose and/or were established, the amount and/or outstanding balance owed in order to release said lien(s), and/or its (alleged) authority to conduct a foreclosure sale and/or act on behalf of the mortgagee.

20. Petitioner requests the Court enter an order authorizing Petitioner to take the depositions of the persons named above in this petition.

## VII. APPLICATION FOR INJUNCTIVE RELIEF

21. Despite Petitioner's efforts to reach out to Respondent to determine the parties' interests, if any, in the Property, and despite a foreclosure sale of the Property having already been conducted by the Association and the Property conveyed by deed to Petitioner, Respondent has expressed its intent to sell the Property at another foreclosure sale on May 6, 2014, within three hours of 11:00 a.m.

22. Petitioner requests the Court enter a temporary restraining order against Respondent, and/or its substitute trustees, B. NEYLAND, W. HIATT, or KAREN WORK, restraining them from conducting or attempting to conduct a sale, auction, and/or foreclosure sale of the Property until the Court can hold a hearing on this petition as set forth herein.

23. A temporary restraining order is necessary to preserve the status quo and prevent irreparable harm to Petitioner or its property. Further, Respondent will not suffer irreparable harm or prejudice by postponing a foreclosure sale until the merits of this petitioner can be considered by this Court, and Petitioner is likely to prevail on the merits of its petition upon final hearing.

24. After hearing, Petitioner requests the Temporary Restraining Order be made a temporary injunction during the pendency of this suit.

25. Before this application is presented to the Court, Petitioner will give notice to Respondent's foreclosure counsel, Barren, Daffin, Frappier, Turner & Engel, L.L.P., 15000 Surveyor Blvd.0, Ste. 100, Addison, Texas 75001, of its intent to present this application for a temporary restraining order.

26. An affidavit executed by Petitioner's duly authorized representative in support of the injunctive relief sought herein is attached hereto and incorporated herein by reference for all purposes.

27. Petitioner is ready and willing to post a bond to secure the issuance of the injunctive relief requested herein.

## VIII. PRAYER

WHEREFORE, Petitioner prays:

1) Respondent be cited to answer herein;

2) The Court grant this petition to take depositions before suit or to investigate claims;

3) For the injunctive relief sought herein; and

4) For all other relief, at law or equity, specific or general, to which Petitioner may show itself to be justly entitled.

    Respectfully submitted,

THE NICHOLS LAW FIRM, P.L.L.C.

*[signature]*

JUSTIN P. NICHOLS
Texas Bar No.: 24081371
JUSTIN D. NIEDENS
Texas Bar No.: 24085501
106 S. Saint Mary's St., Suite 255
San Antonio, Texas 78205
(210) 354-2300 phone
(800) 761-5782 facsimile
Justin@TheNicholsLawFirm.com
**ATTORNEYS FOR PETITIONER**

Cause No.: _____

| | | |
|---|---|---|
| KINGMAN HOLDINGS, L.L.C.,<br>As Trustee of the OLD THEATER ROAD<br>6631 LAND TRUST<br><br>v.<br><br>WELLS FARGO BANK, N.A. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>GUADALUPE COUNTY, TEXAS<br><br>_____ JUDICIAL DISTRICT |

## PETITIONER'S AFFIDAVIT IN SUPPORT OF INJUNCTIVE RELIEF

STATE OF TEXAS   §
COUNTY OF BEXAR  §

On this day, before me, the undersigned authority, personally appeared JUSTIN P. NICHOLS, as the authorized agent and attorney in fact of KINGMAN HOLDINGS, L.L.C., as trustee of the CEDAR LANE 2721 LAND TRUST, and after being duly sworn, deposed as follows:

"My name is Justin P. Nichols. I am over the age of 18, of sound mind, and in able condition to make this affidavit. I am the authorized representative and attorney in fact for Kingman Holdings, L.L.C., the trustee of the Cedar Lane 2721 Land Trust, the Petitioner in the above-captioned matter. I have ready the foregoing Petitioner's Original Petition and Application for Injunctive Relief. I certify the facts stated therein are true and correct to the best of my knowledge and belief, and the injunctive relief sought is necessary to preserve the status quo and to prevent irreparable harm."

FURTHER AFFIANT SAYTH NOT.

_____
JUSTIN P. NICHOLS, Affiant

SWORN TO and SUBSCRIBED before me on May 5, 2014.

_____
Notary Public – State of Texas



PATRICIA PADGET
NOTARY PUBLIC
STATE OF TEXAS
Commission Expires: 6/13/2015

Inst# 14-7480
V4221 P767

Original filed 6 day of May 20 14
but this instrument has not been compared with the original.

Teresa Kiel
County Clerk
Guadalupe County

By: C Hernandez  Deputy

**LIS PENDENS**

FILED
10:34 AM
MAY 0 6 2014

DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx

| STATE OF TEXAS | § | |
| --- | --- | --- |
| | § | To all to whom these presents shall come: |
| COUNTY OF GUADALUPE | § | |

GREETINGS. TAKE NOTICE, this instrument concerns the following real property, to wit:

**Address:** 2721 Cedar Lane, Schertz, Texas 78154

**Legal Description:** Lot 15, Block 3, Horseshoe Oak Subdivision, Unit 1, Schertz, Guadalupe County, Texas, according to the map or plat thereof recorded in Vol. 4, Page 251 of the deed and plat records of Guadalupe County, Texas.

hereafter the "Property."

Further, TAKE NOTICE that a lawsuit concerning and/or relating to the Property, along with proper title thereto, is currently pending in the 25th Judicial District Court of Guadalupe County, Texas, in Cause No.: 14-0966-CV ; styled *Kingman Holdings, LLC, as trustee of the Cedar Lane 2721 Land Trust v. Wells Fargo Bank, NA.*

The statements made herein are true and correct to the best of the undersigned's knowledge and belief.

KINGMAN HOLDINGS, L.L.C., as Trustee
CEDAR LANE 2721 LAND TRUST
By: Justin D. Niedens
Its: Attorney-in-fact
106 S. Saint Mary's St., Ste. 255
San Antonio, Texas 78205
(210) 354-2300 [p], (800) 761-5782 [f]

On this day, before me, personally appeared Justin D. Niedens, as the attorney-in-fact for Kingman Holdings, L.L.C, who is known to me to be the person whose name is subscribed to the foregoing instrument, and he acknowledged to me he executed the same for the purposes therein expressed. WITNESS my hand and seal on this May 6, 2014.

Barbara A. Warncke
Notary Public – State of Texas



BARBARA A WARNCKE
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 2/11/18

Electronically Filed
5/30/2014 11:50:17 AM
Debra Crow
Guadalupe County District Clerk
Jessica Hargrave, Deputy

**Cause No.: 14-0966-CV**

| | | |
|---|---|---|
| KINGMAN HOLDINGS, L.L.C., <br> As Trustee of the <br> CEDAR LANE 2721 LAND TRUST, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT <br><br><br> GUADALUPE COUNTY, TEXAS <br><br><br> 25th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff, by and through its attorney, and makes and files this original petition and application for injunctive relief, and will show:

### I. DISCOVERY

1. Plaintiff seeks non-monetary relief; therefore, discovery is intended to be conducted under Level 2 of TEX. R. CIV. P. 190.3.

### II. PARTIES

**Plaintiff**

2. Plaintiff is **KINGMAN HOLDINGS, L.L.C.** ("Plaintiff"), a limited liability company, and brings this suit in its capacity as the trustee of the **CEDAR LANE 2721 LAND TRUST** (the "Plaintiff").

**Defendant**

3. Defendant is **WELLS FARGO BANK, N.A.** ("Defendant"), is a foreign corporate fiduciary. Therefore, service is proper upon the secretary of state, who

should in turn forward process to: Corporate Officer, Wells Fargo Bank, N.A., 3476 Stateview Blvd., Fort Mill, South Carolina 29715.

### III. IDENTIFICATION OF THE REAL PROPERTY IN DISPUTE

5. This suit involves the following real property, to wit:

**Address:** 2721 Cedar Lane, Schertz, Texas 78154

**Legal Description:** Lot 15, Block 3, Horseshoe Oak Subdivision, Unit 1, Schertz, Guadalupe County, Texas, according to the map or plat thereof recorded in Vol. 4, Page 251 of the deed and plat records of Guadalupe County, Texas.

6. Henceforth, the forenamed real property shall be referred to as the "Property."

### IV. VENUE & JURISDICTION

7. Venue is proper in Guadalupe County because the real property the subject to this suit is wholly located within Guadalupe County, Texas. Further, the suit anticipated will lie in Guadalupe County, Texas.

8. This Court has jurisdiction because the amount in controversy exceeds the minimal jurisdictional limits of the court, the subject matter of this suit is not reserved for any other court, and this court has the authority to grant the relief sought in this suit.

### V. BASIS OF SUIT

9. Eric and Miranda Stoltz purchased the Property on or about July 7, 2008. The Stoltzes executed a deed of trust in favor of Mortgage Electronic Registration Systems, Inc., recorded in Vol. 2647 Page 458 of the Guadalupe County deed records.

10. The Stoltz failed to pay home owners association dues and/or assessments owed to the applicable property owners association (the "Association"). The

Association foreclosed upon its lien and sold the Property at a foreclosure sale on or about December 4, 2013.

11. Plaintiff purchased the Property at the foreclosure sale, and the Association sold and conveyed the Property to Plaintiff on or about December 4, 2013, by virtue of a deed recorded in Vol. 4170 Page 800 of the Guadalupe County deed records.

12. After purchasing the Property Plaintiff attempted to contacted Defendant to ascertain what interest, if any, it asserted in the Property. Plaintiff made such inquiries in order to determine its own rights in the Property, and to preserve such interests and rights, including the any right to equitable redemption in the event Defendant claimed a superior lien to that of the Association's. Plaintiff was unable to get response from Defendant.

13. Because of Defendant's refusal to provide any communication or answers regarding its position or assertion of rights in the Property, Plaintiff's title to the Property is called into question and threatened, and a live, ripe, and genuine controversy exists between the parties regarding the Property.

## VI. REQUEST FOR DECLARATORY RELIEF

14. Pursuant to Chapter 37, TEX. CIV. PRAC. & REM. CODE, Plaintiff requests the Court enter a declaratory judgment declaring the rights, status, and other legal relations between the parties as it relates to the Property.

15. Specifically, Plaintiff requests the Court enter a declaratory judgment declaring Plaintiff and the sole owner of the Property in fee simple, without any liens or other encumbrances, and declaring all deeds of trust relating to the Property, or subsequent assignments, as void and extinguished.

16. Alternatively, Plaintiff requests the Court enter a declaratory judgment declaring Plaintiff's rights to any equitable redemption relating to the Property.

## VII. REQUEST TO QUIET TITLE

17. Plaintiff requests the Court render judgment in favor of Plaintiff, thereby quieting title of the Property in favor of Plaintiff as the sole owner of the Property in fee simple, without any liens or other encumbrances, and declaring all deeds of trust relating to the Property, or subsequent assignments, as void and extinguished.

## IX. PRAYER

WHEREFORE, Plaintiff prays:

1) Defendant be cited to answer herein;

2) For the declaratory relief sought herein;

3) For judgment and all other relief sought herein;

4) For all costs of court; and

5) For all other relief, at law or equity, specific or general, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

THE NICHOLS LAW FIRM, P.L.L.C.

_____
JUSTIN P. NICHOLS
Texas Bar No.: 24081371
JUSTIN D. NIEDENS
Texas Bar No.: 24085501
106 S. Saint Mary's St., Suite 255
San Antonio, Texas 78205
(210) 354-2300 phone
(800) 761-5782 facsimile
Justin@TheNicholsLawFirm.com
**ATTORNEYS FOR PLAINTIFF**

Electronically Filed
5/30/2014 11:50:17 AM
Debra Crow
Guadalupe County District Clerk
Jessica Hargrave, Deputy

JUSTIN P. NICHOLS
JUSTIN D. NIEDENS
ATTORNEYS AT LAW

106 S. Saint Mary's Street
255 One Alamo Center
San Antonio, Texas 78205
(210) 354-2300 phone
(800) 761-5782 facsimile
Justin@TheNicholsLawFirm.com

May 30, 2014

**BY TEX E-FILE**

Guadalupe County District Clerk
Attn: Civil Department
101 E. Court Street, Ste. 308
Seguin, Texas 78155

### REQUEST FOR ISSUANCE OF CITATION

Re:   Cause No.: 14-0966-CV
      *Kingman Holdings, as Trustee v. Wells Fargo Bank, N.A.*
      **In the 25th Judicial District Court, Guadalupe County, Texas**

Dear District Clerk:

Please issue a citation in the above-referenced case as follows:

Wells Fargo Bank, N.A. (Defendant)
c/o Secretary of State of Texas

Who should in turn forward process to:

Corporate Officer
Wells Fargo Bank, N.A.
3476 Stateview Road
Fort Mill, South Carolina 29715

The document which should be attached to the citation is **Plaintiff's First Amended Original Petition**.

The fees for copies of the amended petition ($4) and for issuance of the citation ($8) are being paid electronically along with this request. Thank you for your attention to this matter.

Sincerely,

THE NICHOLS LAW FIRM, P.L.L.C.

JUSTIN P. NICHOLS