IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, LLC, | § | |
| as Trustee for the Cedar Lane 2721 Land | § | |
| Trust, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:14-CV-00497-DAE |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
|     *Defendant*. | § | |

### **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**

TO THE HONORABLE DAVID ALAN EZRA:

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Wells Fargo Bank, N.A. (Wells Fargo) files this Motion to Dismiss Plaintiff's First Amended Original Petition (the Petition) and respectfully states as follows:

### **I. STATE COURT ACTION**

Plaintiff filed this lawsuit seeking to nullify Wells Fargo's senior lien on certain real property that Plaintiff purchased at a homeowners' association's junior-lien foreclosure sale.[1] Plaintiff's First Amended Original Petition asserts claims for quiet title and declaratory judgment, both of which attempt to invalidate Wells Fargo's lien. *See* Am. Pet. ¶¶ 14-17.

---

[1] Plaintiff Kingman Holdings, LLC and its principal member, Mark Disanti, are apparently in the business of purchasing properties at HOA foreclosure sales and thereafter attempting to nullify any prior existing mortgage liens. *See, e.g.*, *Kingman Holdings, L.L.C. v. Everbank*, No. 5:13-cv-01127-DAE, 2014 WL 1491257, at *5 n.4 (W.D. Tex. Apr. 14, 2014); *JPMorgan Chase Bank, N.A. v. Ngo*, 4:13-CV-00273, 2014 WL 229482, at *2 (E.D. Tex. Jan. 21, 2014) ("One of the principals in Kingman Holdings, LLC is Mark DiSanti ("DiSanti"), a real estate speculator whose business model revolves around purchasing properties at assessment lien foreclosures and then filing suit in an attempt to have the superior mortgage lien declared invalid.") (citing *Kingman Holdings, LLC v. CitiMortgage, Inc.*, No. 4:10–CV–00619, 2011 WL 1883829 (E.D. Tex. Apr. 21, 2011), *report and recommendation adopted*, 2011 WL 1878013 (E.D. Tex. May 17, 2011)); *Kingman Holdings, L.L.C. v. Bank of Am., N.A.*, No. 4:11-CV-00033, 2011 WL 4431970 (E.D. Tex. Sept. 22, 2011); *DiSanti v. Mortg. Elec. Registration Sys., Inc.*, No. 4:10-cv-287 (N.D. Tex.); *DiSanti v. Mortg. Elec. Registration Sys., Inc.*, No. 4:10-cv-103, 2010 WL 3338633 (E.D. Tex. Aug. 24, 2010); *DiSanti v. Wachovia Bank, Nat'l Ass'n*, No. 2-08-330-CV, 2009 WL 1372970 (Tex. App.—Fort Worth May 14, 2009, no pet.).

Plaintiff's claims lack merit because the public record disproves the alleged superiority of Plaintiff's interest in the property that it purchased at the junior-lien foreclosure sale subject to Wells Fargo's superior lien. Accordingly, Plaintiff does not, and cannot, state a viable claim for relief, and the Court should dismiss each of Plaintiff's claims with prejudice.

## II.  BACKGROUND

This lawsuit concerns the priority of certain liens pertaining to real property located at 2721 Cedar Lane, Schertz, Texas 78154 (the Property). *See* Am. Pet. ¶ 5.[2] In July 2008, Eric and Miranda Stolz—nonparties to this lawsuit—borrowed funds to purchase the Property. *See id.* ¶ 9. In connection with the purchase, the Stolzes obtained a loan in the amount of $100,800, which was secured by a deed of trust in favor of lender Americahomekey, Inc. d/b/a Gold Financial Services. *See* **Ex. A** (the Deed of Trust).[3] The Deed of Trust named Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary and granted MERS the right to, among other things, "foreclose and sell the property." *See* **Ex. A** at pp. 2-3. In June 2011, MERS, as nominee for the original lender, assigned its rights under the deed of trust to Wells Fargo Bank, N.A. *See* **Ex. B** (Assignment).

---

[2] For purposes of this Motion, the factual allegations in the Petition are taken as true, except where unambiguously refuted by the public record. Wells Fargo reserves the right to challenge each of Plaintiff's factual allegations at the proper time.

[3] Attached to this Motion and incorporated herein by reference as Exhibits A, B, C, D, and E are true and correct copies of official real property records of Guadalupe County, Texas. The attached exhibits are either referenced in Plaintiff's Amended Petition or central to Plaintiff's claims, and they are official public records. *See* Am. Pet. ¶¶ 9-13. Pursuant to Rule 201 of the Federal Rules of Evidence, Wells Fargo respectfully requests that the Court take judicial notice of the attached real property records of Guadalupe County, Texas. *See* FED. R. EVID. 201; *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record" without converting it into a motion for summary judgment).

The Property is subject to certain restrictions and covenants under the Horseshoe Oaks Homeowners Association, Inc., d/b/a Woodland Oaks Homeowners Association, Inc. (the HOA). *See* Am. Pet. ¶ 10; **Ex. C**. Pursuant to the Declaration of Covenants, Conditions and Restrictions for Horseshoe Oaks Subdivision (the Declaration), the HOA may assess a lien on the Property for unpaid HOA assessments. *See* **Ex. C** at art. III. However, the Declaration specifically provides that the HOA's "lien of the assessments . . . shall be subordinate to the lien of any first mortgage." Ex. C at art. III.9.

Apparently, the Stolzes failed to pay HOA dues and/or assessments, and the Horseshoe Oaks Homeowners Association, Inc., d/b/a Woodland Oaks Homeowners Association, Inc. (the HOA) recorded an assessment lien in May 2011. *See* **Ex. D** (Notice of Assessment Lien); Am. Pet. ¶¶ 9-11. The Stolzes apparently entered an agreed judgment with the HOA, and the HOA foreclosed its lien and sold the Property to Plaintiff at foreclosure sale on December 4, 2013. *See* Am. Pet. ¶¶ 9-11; **Ex. E** (Trustee's Deed Following Foreclosure).

Premised on its interest obtained through the foreclosure of the HOA's junior lien, Plaintiff filed this lawsuit in an attempt to delay Wells Fargo's June 3, 2014 nonjudicial foreclosure of its Deed of Trust and strip Wells Fargo of its senior interest in the Property.[4] *See* Orig. Pet. (Dkt. #1-1 at pp. 5-10); Am. Pet. ¶¶ 15, 17. Through its Amended Petition, Plaintiff asserts claims for quiet title and declaratory judgment and challenges the validity of Wells Fargo's prior, senior lien on the Property. *See id.* ¶¶ 9, 12, 17. Through both claims, Plaintiff requests that the Court render judgment holding that "Plaintiff [i]s the sole owner of the Property in fee simple, without any liens or other encumbrances, and declaring all deeds of trust relating to the Property, or subsequent assignments, as void and extinguished." Am. Pet. ¶¶ 15, 17.

---

[4] On information and belief, at the June 3, 2014 foreclosure sale, the Property was sold to a third party. As of the date of filing this Motion, the substitute trustee's deed regarding the June 3 sale does not yet appear of record pursuant to an electronic records search of the Guadalupe County, Texas real property records.

Alternatively, Plaintiff "requests the Court enter declaratory judgment declaring Plaintiff's right to any equitable redemption relating to the Property." *Id.* ¶ 16. Because Plaintiff cannot state a viable claim under any theory, the Court should dismiss with prejudice each of Plaintiff's claims.

### III. ARGUMENT AND AUTHORITIES

Each of Plaintiff's claims is based on flawed legal theories and, accordingly, Plaintiff fails to state any viable claim for relief, much less any valid basis to nullify Wells Fargo's senior interest in the Property. Indeed, in *Kingman Holdings, L.L.C. v. Everbank*, No. 5:13-cv-01127-DAE, 2014 WL 1491257, at *5 (W.D. Tex. Apr. 14, 2014), the Court recently disposed of virtually identical claims Plaintiff asserted in a case based on the same underlying factual scenario. As the Court held in *Everbank*, and for the reasons stated below, the Court should dismiss each of Plaintiff's claims with prejudice.

**A. Plaintiff's quiet title claim fails because it took title to the Property through the HOA's junior lien foreclosure subject to Wells Fargo's superior lien.**

Plaintiff asserts a claim to quiet title. A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title. *See Ford v. Exxon Mobil Chem. Co.,* 235 S.W.3d 615, 618 (Tex. 2007). It allows a plaintiff to remove "any unlawful hindrance" on title to property that inaccurately appears to be superior to that plaintiff's interest in the property. *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (internal quotations and citations omitted). "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.); *Robinson v. Robinson*, No. 14-94-00606-CV, 1996 WL 41911, at *2 (Tex. App.—Houston [14th Dist.] Feb. 1, 1996, writ denied). Plaintiff bears the burden of supplying the proof necessary to establish superior equity, and must show: (1) an interest in a specific property, (2) title to the property is affected by a claim by the

defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App.—Texarkana 1991, pet. denied); *see also James v. Wells Fargo Bank, NA.,* No. 3:11-CV-2228-B, 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012).

Plaintiff's Amended Petition woefully fails to state a valid claim for quiet title. First, Plaintiff does not plead any facts that would invalidate the Deed of Trust. Plaintiff's failure to allege any facts in the Petition that it has an interest in the Property *superior* to any lienholder seeking to foreclose is fatal to its quiet title action. *Fricks*, 45 S.W.3d at 327; *see also Wall v. Carrell*, 894 S.W.2d 788, 797 (Tex. App.—Tyler 1994, writ denied) ("The defendant is not required to show title in [it]self, nor may the plaintiff rely on the defendant's failure to do so."); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). For this reason alone, Plaintiff's quiet title claim fails.

Additionally, the documents recorded in the real property records of Guadalupe County, Texas belie Plaintiff's quiet title claim. Specifically, the deed through which Plaintiff asserts an interest in the Property states that Plaintiff took title "subject to each and every superior lien and encumbrance." **Ex. E**. Moreover, the HOA's Declaration specifically provides that the "lien of the [HOA's] assessments . . . shall be subordinate to the lien of any first mortgage." **Ex. C** at art. III.9. The property records also demonstrate that Wells Fargo's senior Deed of Trust—recorded in July 2008—had been of record long before the HOA's assessment lien was recorded in May 2011. *See* **Ex. A; Ex. D**.

Because the Deed of Trust was superior to the HOA's lien when the HOA foreclosed, the Plaintiff took the Property subject to Wells Fargo's lien.  Under Texas law, "it is well-known that a junior lienholder electing to foreclose on its lien takes the property subject to the senior lienholder's lien."  *Everbank*, 2014 WL 1491257, at *5; *DTND Sierra Invs., LLC v. Bank of Am., N.A.*, 871 F. Supp. 2d 567, 573 (W.D. Tex. 2012); *see also Conversion Properties, L.L.C. v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999, pet. denied) ("[T]he general rule is that the successful bidder at a junior lien foreclosure takes title subject to the prior liens.").  Accordingly, Plaintiff's attempt to invalidate Wells Fargo's superior lien is meritless.  *See, e.g.*, *DTND Sierra Investments LLC v. CitiMortgage, Inc.*, No. SA-12-CV-80-XR, 2012 WL 1711738, at *6 (W.D. Tex. May 15, 2012) (holding that Plaintiff could not reasonably argue that the HOA foreclosure extinguished superior liens when Plaintiff's deed expressly conveyed the property "subject to each and every superior lien and encumbrance").  *Cf.* **Ex. E**.  Plaintiff's effort to extinguish Wells Fargo's lien is therefore untenable as a matter of law and no amount of re-pleading could save this claim.  *See, e.g.*, *Everbank*, 2014 WL 1491257, at *5 (dismissing Plaintiff's virtually identical quiet title claim).

**B. Plaintiff's declaratory judgment claim is duplicative of its flawed quiet title claim and fails to support any viable theory of relief.**

Plaintiff also seeks a declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code on the same theory and underlying allegations as its quiet title claim.  Am. Pet. ¶ 14-16.  Plaintiff requests that the Court declare that "Plaintiff [i]s the sole owner of the Property in fee simple, without any liens or other encumbrances, and declaring all deeds of trust relating to the Property, or subsequent assignments, as void and extinguished."  Am. Pet. ¶ 15. This claim fails for several reasons.

First, Plaintiff's request fails because the Fifth Circuit has held that the Texas Declaratory Judgment Act is a procedural rule that does not apply in federal court. *Everbank*, 2014 WL 1491257, at *5 (citing *Utica Lloyd's of Tex. v. Mitchell,* 138 F.3d 208, 210 (5th Cir. 1998)).

Second, even if Plaintiff asserted a claim under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, such a claim would also fail. Federal courts have broad discretion to grant or refuse declaratory relief. *Torch, Inc. v. LeBlanc,* 947 F.2d 193, 194 (5th Cir. 1991). A request for a declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *E.g.*, *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir. 2003); *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-171 (5th Cir. 1990).

As a threshold matter, Plaintiff cannot use the Declaratory Judgments Act (either state or federal) to determine questions of title. Although the Texas Declaratory Judgments Act provides that "[a] person interested under a deed . . . may have determined any question of construction or validity arising under the instrument," TEX. CIV. PRAC. & REM. CODE § 37.004(a), the Texas Property Code provides that "[a] trespass to try title action is *the* method of determining title to lands, tenements, or other real property," TEX. PROP. CODE § 22.001 (emphasis added). *See Martin v. Amerman*, 133 S.W.3d 262, 264–65. 267 (Tex. 2004). Thus, under Texas law, "a declaratory judgment action therefore cannot be used to adjudicate title . . . because section 22.01 is the exclusive remedy by which to do so." *Jordan v. Bustamante*, 158 S.W.3d 29, 35 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *see also Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32, 38 n.1 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("When an action for declaratory relief and a suit to quiet title are based on the same facts and request similar relief, they are both treated as one suit to quiet title.").

Here, Plaintiff seeks a declaratory judgment to adjudicate, among other things, questions of title. *See* Am. Pet. ¶ 15. Accordingly, Plaintiff is not entitled to declaratory judgment regarding the alleged title dispute. *Jordan*, 158 S.W.3d at 35; *Kennesaw Life & Acc. Ins. Co. v. Goss,* 694 S.W.2d 115, 117–18 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.)

Additionally, Plaintiff's claims in this lawsuit are based on fatally flawed legal theories and, thus, Plaintiff has failed to plead any cognizable claims against Wells Fargo and no actual controversy exists. *See Everbank*, 2014 WL 1491257, at *5 (dismissing Plaintiff's virtually identical claim in another lawsuit because "[a] request for declaratory judgment is 'merely a theory of recovery' for a cause of action, and because Plaintiff has failed to allege a cause of action under the only claim it has brought (quiet title)") (internal citations omitted); *Bauer*, 341 F.3d at 358 (stating that "a substantial and continuing controversy between two adverse parties" must exist to support a claim for declaratory judgment). Because Plaintiff fails to plead any viable substantive claim, Plaintiff is not entitled to declaratory relief, and the Court should deny Plaintiff's request. *See Bauer,* 341 F.3d at 358; *Collin County, Tex.*, 915 F.2d at 170-171.

**C. Plaintiff is not entitled to declaratory judgment on its equitable redemption theory.**

Alternatively, Plaintiff seeks "declaratory judgment declaring Plaintiff's rights to any equitable redemption relating to the Property." Am. Pet. ¶ 16. As with its other request for declaratory judgment concerning title, because Plaintiff fails to assert a cognizable claim, the Court should also deny this request. *See supra* Part. III.B.; *Everbank*, 2014 WL 1491257, at *5.

Even if Plaintiff did assert a viable underlying claim, and even if Plaintiff at one point had some potential right to equitable redemption, Plaintiff cannot obtain equity without first tendering the redemption amount—the full amount of Wells Fargo's lien, not merely the amount in default. *See, e.g.*, *Scott v. Dorothy B. Schneider Estate Trust*, 783 S.W.2d 26, 28 (Tex. App.— Austin 1990, no writ). It is axiomatic that before one can obtain equity, one must do equity. *See*

*e.g., Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.—Galveston 1945, no pet.) (holding equitable redemption could not occur where party asserting interest in property against purchaser did not tender the purchase money due).  "The tender requirement is a condition precedent to the plaintiffs' exercise of equitable rights or remedies."  *Owens v. Bank of Am., NA*, No. CIV.A. H-11-2552, 2012 WL 912721, at *3 (S.D. Tex. Mar. 16, 2012) (citing *Bagby Elevator Co., Inc. v. Schindler Elevator Corp.*, 609 F.3d 768, 774 (5th Cir. 2010)); *Lambert*, 993 S.W.2d at 835-36; *Bracken v. Haid & Kyle, Inc.*, 589 S.W.2d 501, 502 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.).

Here, Plaintiff merely alleges that it "attempted to contact[] Defendant to ascertain what interest, if any, it asserted in the Property."[5]  Am. Pet. ¶ 12.  While Plaintiff may have "attempted to contact[] [Wells Fargo]," it did not plead that it tendered any money to Wells Fargo or the Court to cure the indebtedness.  Plaintiff is therefore not entitled to the equitable relief it seeks.  *See, e.g.*, *Elbar Investments, Inc. v. Wilkinson*, No. 14-99-00297-CV, 2003 WL 22176624, at *4 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, pet. denied) ("[Plaintiff] never attempted to pay any moneys with reference to the first lien while maintaining a junior interest in the property.  Without showing that it stood ready, willing, and able to redeem the property by satisfying the superior lien, [Plaintiff] has no equitable right of redemption."); *Scott*, 783 S.W.2d at 28; *Kingman Holdings, LLC v. BAC Home Loans Servicing, LP*, No. 4:10-CV-00698, 2011 WL 1882269 (E.D. Tex. Apr. 21, 2011), *report and recommendation adopted*, No. 4:10-CV-698, 2011 WL 1878092 (E.D. Tex. May 17, 2011) ("Plaintiff has not tendered the amount BAC claims is owed on the loan, nor has it attempted to tender any other amount. Plaintiff's failure to

---

[5] Even assuming Plaintiff did contact Wells Fargo to try and discuss the Stolzes' consumer loan and Wells Fargo's corresponding interest in the Property, pursuant to federal privacy law, Wells Fargo cannot disclose nonpublic personal information regarding consumer loans with nonaffiliated third parties (such as Plaintiff) who are not authorized by the consumer to receive such information.  *See* 15 U.S.C. § 6801 et seq.

affirmatively demonstrate its ability to tender any amount bars the Court from granting Plaintiff equitable relief."); *Kingman Holdings, LLC v. CitiMortgage, Inc.*, No. 4:10-CV-00619, 2011 WL 1883829 (E.D. Tex. Apr. 21, 2011) *report and recommendation adopted*, 2011 WL 1878013 (E.D. Tex. May 17, 2011) (same).  Accordingly, Plaintiff's request for declaratory judgment concerning its alleged equitable rights should be dismissed.

### IV.  PRAYER

WHEREFORE, Defendant Wells Fargo Bank, N.A respectfully requests that the Court grant this Motion, and pursuant to Federal Rule of Civil Procedure 12(b)(6), enter an order dismissing with prejudice all of Plaintiff's claims.  Wells Fargo further requests all other relief, at law and in equity, to which it is justly entitled.

Respectfully submitted,

LOCKE LORD LLP

By: */s/ John W. Ellis*

**B. David L. Foster**
Texas Bar No. 24031555
**John W. Ellis**
Texas Bar No. 24078473
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
jellis@lockelord.com

**Robert T. Mowrey**
Texas Bar No. 14607500
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)
rmowrey@lockelord.com

**ATTORNEYS FOR DEFENDANT WELLS FARGO BANK, N.A.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing was served as indicated on this 23rd day of June, 2014, to the following:

**VIA ECF & U.S. MAIL**
Justin P. Nichols
Justin D. Niedens
THE NICHOLS LAW FIRM, P.L.L.C.
106 S. Saint Mary's St., Suite 255
San Antonio, Texas 78205
*Attorneys for Plaintiff*

              */s/ John W. Ellis*
               John W. Ellis