# Exhibit E

# (Trustee Deed Following Foreclosure of HOA Lien)

VOL4170 PG0800 13-025445

# TRUSTEE'S DEED FOLLOWING FORECLOSURE

| | |
|---|---|
| **GRANTOR:** | Eric J. Stolz and Miranda E. Stolz |
| **GRANTEE:** | Cedar Lane 2721 Land Trust, Kingman Holdings, LLC, Trustee |
| **PROPERTY SOLD:** | 2721 Cedar Lane, Schertz, TX 78154, as more fully described as Block 3, Lot 15, Horseshoe Oaks Subdivision, Unit-1, Guadalupe County, Texas |
| **CONSIDERATION:** | Three Thousand Seven Hundred and No/100 Dollars ($3,700.00) |

## I. RECITALS

A. On or about July 17, 2008, Eric J. Stolz and Miranda E. Stolz (the "**Owner**"), acquired certain real property described above (the "**Property**").

B. The Property is subject to that certain Declaration of Covenants, Conditions and Restrictions for Horseshoe Oaks Subdivision, executed June 5, 1984, recorded in Volume 0707, Page 1332, Official Public Records of Real Property of Guadalupe County, Texas, (the "**Declaration**"), which provides for a lien against the Property, in favor of Woodland Oaks Homeowners Association, Inc., (the "**Association**") to secure Owner's obligation for payment of assessments and other charges levied by the Association.

C. Owner defaulted in Owner's obligations to pay assessments to the Association, as required by the Declaration. The Association made proper, written demand for payment on Owner, in accordance with the Declaration and applicable law, and offered the Owner an opportunity of at least thirty days to cure the default.

D. When Owner failed to cure the default, the Association, having the right to foreclose pursuant to either the Declaration or a Judgment of a District Court of Guadalupe, County, Texas, directed Tom L. Newton, Jr., as Trustee of the Association, so appointed pursuant to either a Resolution of Appointment of Agent and Trustee to Exercise Power of Sale, or a Judgment granting an order of sale and appointing a Trustee (see attached Exhibit "A") to exercise the Association's lien rights and to offer the Property for sale as provided in the Declaration.

E. On October 29, 2013, that being at least twenty-one (21) days preceding the date of sale, Tom L. Newton, Jr., served or caused to be served a Notice of Trustee's Sale (the "Notice"):

1. By certified mail, return receipt requested, on the Owner;

CERTIFIED TO BE A TRUE AND CORRECT COPY, Guadalupe County Clerk PAGE 1 OF 7

2. By posting the Notice on the designated door or board in the courthouse of Guadalupe County, Texas; and

3. By filing the Notice with the County Clerk for Guadalupe County, Texas, the county where the Property is located.

F. On December 3, 2013, that being the first Tuesday of the first month following twenty-one days after posting and delivery of the Notice, between the hours of 10:00 a.m. and three hours later, Tom L. Newton, Jr. offered the Property for sale at public auction at the place designated by the County Commissioners for foreclosure sales at the courthouse of Guadalupe County, Texas, to the highest bidder.

G. All prerequisites required by law and/or by the Declaration have been duly satisfied by the Association and its Trustee, Tom L. Newton, Jr.

## II. CONVEYANCE

I, Tom L. Newton, Jr., by virtue of the power and authority vested in me as Trustee, for and in consideration of the Consideration, to be credited against the Owner's account with the Association, do **GRANT, SELL, AND CONVEY** to Grantee the Property described above.

**TO HAVE AND TO HOLD** the Property, subject to all exceptions of record and subject to each and every superior lien and encumbrance, if any, and to the extent they are valid, existing, and affect the Property, together with all and singular the rights and appurtenances thereto in anywise belonging, unto Owner, Owner's heirs, executors, administrators, successors, or assigns, forever, in fee simple; and for, and on behalf of Owner, Owner's heirs, executors, administrators, successors, or assigns, I, on behalf of the Association, do hereby bind Owner, Owner's heirs, executors, administrators, successors, and assigns to Warrant and Forever Defend the right and title to the Property to Grantee, Grantee's heirs, executors, administrators, successors, or assigns, forever against every person whomsoever lawfully claims or to claim the same, or any part thereof, by, through and under the Association, but not otherwise, except as to any exceptions filed of record, but only to the extent the same are valid and subsisting; it being expressly understood, however, that I have made no independent investigation or inquiry concerning status of title to the Property and do not hereby make any covenant, representation, or warranty concerning the status of title to the Property.

SIGNED on the 4th day of December, 2013.

WOODLAND OAKS HOMEOWNERS
ASSOCIATION, INC.

By: [signature]
Tom L. Newton, Jr., its Trustee



CERTIFIED TO BE A TRUE AND CORRECT COPY,
Guadalupe County Clerk
PAGE 2 OF 7

**STATE OF TEXAS** §
§
**COUNTY OF BEXAR** §

Before me, the undersigned notary public, on this day personally appeared Tom L. Newton, Jr., acting on behalf of Woodland Oaks Homeowners Association, Inc., known to me or proved to me by presentation to me of a governmentally-issued identification card to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that they executed it for the purposes and consideration expressed in it.

Given under my hand and seal of office the 4th day of December, 2013.




Gwen Turley
Notary Public, State of Texas

**GRANTEE:**
Cedar Lane 2721 Land Trust, Kingman Holdings, LLC, Trustee
9090 Skillman 182A-352
Dallas, TX 75243

**AFTER RECORDING RETURN TO:**
Cedar Lane 2721 Land Trust, Kingman Holdings, LLC, Trustee
9090 Skillman 182A-352
Dallas, TX 75243



CERTIFIED TO BE A TRUE
AND CORRECT COPY,
Guadalupe County Clerk
PAGE 3 OF 7

VOL 4170 PG 0803

CAUSE NO. 12-1932-CV

| | | |
|---|---|---|
| WOODLAND OAKS HOMEOWNERS ASSOCIATION, INC. | § | IN THE DISTRICT COURT |
| VS. | § | 25th JUDICIAL DISTRICT |
| ERIC J. STOLZ AND MIRANDA E. STOLZ | § | GUADALUPE COUNTY, TEXAS |

FILED 4:01 P M FEB 01 2013 DEBRA CROW Clerk, Dist. Court, Guadalupe Co. Tx

**AGREED FINAL JUDGMENT**

On this day came on to be heard the above-entitled and numbered cause. Plaintiff and Defendants announced to the Court that they have reached a settlement agreement, and asked the Court to approve same. Based on their agreement, as reflected by their signatures below, the Court will grant the relief requested and render judgment consistent with that agreement.

The Court finds that it has jurisdiction over the parties and the subject matter of this case. The Court further finds that Plaintiff is an association of property owners, that Defendants owe mature, unpaid assessments, late fees and attorney's fees to Plaintiff pursuant to the Declaration of Covenants, Conditions and Restrictions for Horseshoe Oaks Subdivision, executed June 5, 1984, recorded in Volume 0707, Page 1332, Official Public Records of Real Property of Guadalupe County, Texas, as alleged by Plaintiff, and that Plaintiff has a lien on the real property referenced in Plaintiff's Original Petition to secure the obligations of the Defendants. The Court also finds that Plaintiff has met all conditions precedent to the granting of the relief requested. Further, the Court finds that Plaintiff's lien was created and imposed on the real property of Defendants before that property acquired, or could have acquired, status as the homestead of Defendants. The Court finds that Plaintiff is entitled to foreclosure on its lien and an order of sale in execution, subject to other provisions contained herein.

EXHIBIT "A"

CERTIFIED TO BE A TRUE AND CORRECT COPY, Guadalupe County Clerk
PAGE 4 OF 7

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** Plaintiff take judgment against Defendants for actual damages in the total amount of $318.16 plus all costs of court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff recover attorney's fees in the amount of $1,605.00 of and from Defendants through final judgment in this cause, and that in the event of an appeal of this Judgment, Plaintiff shall additionally have and recover of and from the Defendants an additional $5,000.00 for reasonable and necessary attorney's fees for each level of appellate court through which this Judgment shall be reviewed.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff recover prejudgment and post-judgment interest at the maximum rate allowed by law which will accrue until this judgment has been satisfied and paid in full, for which execution shall issue if not timely paid.

**IT IS FURTHER, ORDERED, ADJUDGED AND DECREED** that the lien of Plaintiff, be and it is hereby, foreclosed on the following real property of Defendants (hereinafter referred to as "the Property"):

> 2721 Cedar Lane, Schertz, TX 78154, as more fully described as
> Block 3, Lot 15, Horseshoe Oaks Subdivision, Unit-1;

Plaintiff is hereby granted an Order of Sale. Said Order of Sale shall include all Plaintiff's cost and related expenses.

**IT IS ORDERED** that Tom L. Newton, Jr. be, and he is hereby, appointed as Trustee of the Property. Plaintiff may appoint a Substitute Trustee by filing an Appointment of Substitute Trustee in the Official Public Records of Real Property of Guadalupe County, Texas, upon which the Substitute Trustee shall replace the person then serving as Trustee and shall thereupon succeed to assume all rights and responsibilities of his predecessor. Upon appointment of a





Substitute Trustee by Plaintiff, the person who was immediately prior to such appointment serving as Trustee shall be automatically removed and relieved of all rights and responsibilities as such Trustee.

**IT IS ORDERED** that Plaintiff's right to execute the Order of Sale is suspended pursuant to the agreement of the parties. So long as the terms of the payment agreement are met by Defendants, Plaintiff shall not execute this judgment or post the Property for auction. Should Plaintiff claim that there has been a default of that agreement, Plaintiff shall deliver a written Notice of Default by United States mail, certified and first class delivery, to Defendants. The Notice of Default shall describe the nature and amount of the default with specificity, and provide to the Defendants fourteen days from the date of mailing to cure. If the default is not timely cured, then Plaintiff shall file a Certificate of Default among the papers of this cause, and serve same upon Defendants by United States mail, certified and first class delivery. If a Certificate of Default is filed then Plaintiff may proceed with a foreclosure auction.

**IT IS ORDERED** that, subject to the foregoing paragraph and only in the event of default of the agreement of the parties, Plaintiff's Trustee shall post notice of a foreclosure sale, give the Defendants notice of said intended sale, seize the Property, and then conduct a sale of the Property, which sale shall take place on the first Tuesday of any month after the expiration of twenty-one days following the posting of notice of sale and issuance of notice. The Trustee shall, at said sale, auction the property and sell it to the highest bidder for cash.

All expenses associated with preparation of the Notice of Sale, conduct of the foreclosure sale and conveyance of the Property described herein shall additionally constitute taxable court cost, for which Plaintiff is granted judgment and a right to recover from the Defendants and the proceeds of the sale of the herein-described real property.



CERTIFIED TO BE A TRUE
AND CORRECT COPY,
Guadalupe County Clerk
PAGE 6 OF 7

01/23/2013 10:38 2106565225 DENNYS PAGE 01/01

VOL 4170 PG0806

All other relief requested which has not been expressly granted is hereby denied.

SIGNED this 20th 31st day of January, 2013.

Original Signed By
L. GARY STEELBy

JUDGE PRESIDING

AGREED AS TO FORM AND SUBSTANCE:

ALLEN, STEIN & DURBIN, P.C.
6243 I.H. 10 West, 7th Floor
San Antonio, Texas 78201
(210) 733-4199 Telephone
(210) 738-9468 Telecopier

By: Tom L. Newton
Tom L. Newton, Jr.
State Bar No. 14982300

Vincent P. Vasquez
State Bar No. 24066237

Guillermo M. Hernandez, III
State Bar No. 24073310

ATTORNEYS FOR PLAINTIFF

Eric J. Stolz
2721 Cedar Lane
Schertz, TX 78154

Miranda E. Stolz
2721 Cedar Lane
Schertz, TX 78154

DEFENDANTS

04011/0028/1037994/kg

→ Fax Allen Stein & Durbin
6243 IH 10 West 7th Fl
SATX 78201

FILED FOR RECORD
13 DEC -5 AM 11:53
TERESA KIEL
COUNTY CLERK GUADALUPE COUNTY
C Hernandez

STATE OF TEXAS
COUNTY OF GUADALUPE
I certify this instrument was FILED on the date and at the time stamped hereon and was duly recorded in the Official Records of Guadalupe County
Teresa
TERESA K
Guadalupe Cou



CERTIFIED TO BE A TRUE AND CORRECT COPY,
Guadalupe County Clerk
PAGE 7 OF 7

STATE OF TEXAS
COUNTY OF GUADALUPE
I do hereby certify that the foregoing is a true and correct copy as the same appears on FILE AND RECORDED in the Official Public Records of Guadalupe County, Texas, on the date and time stamped thereon.
Teresa Kiel
TERESA KIEL
Guadalupe County Clerk
By ______ Deputy

MAY 30 2014